**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-4178**

───────────────

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

ETHAN D. DELAUDER,

　　　　　Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Thomas S. Kleeh, Chief District Judge.  (2:23-cr-00008-TSK-MJA-1)

───────────────

Submitted:  March 17, 2026　　　　　　　　　　Decided:  March 26, 2026

───────────────

Before KING, AGEE, and WYNN, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Hilary L. Godwin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  Randolph J. Bernard, Acting United States Attorney, Stephen Warner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Elkins, West Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Ethan D. Delauder with possession of a firearm by a person convicted of a misdemeanor crime of domestic violence (Count 1), in violation of 18 U.S.C. §§ 922(g)(9), 924(a)(2), and possession of an unregistered firearm (Count 2), in violation of 26 U.S.C. §§ 5861(d), 5871.  Delauder moved to dismiss the indictment, arguing—as relevant to this appeal—that 18 U.S.C. § 922(g)(9) violates the Second Amendment both on its face and as applied to him following *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022) (holding that firearm regulation is valid under the Second Amendment only if it "is consistent with this Nation's historical tradition of firearm regulation").  After the district court denied the motion, Delauder pled guilty to Count 1, pursuant to a conditional plea agreement, and the district court sentenced him to five years' probation.  On appeal, Delauder argues that § 922(g)(9) is unconstitutional on its face and as applied to him.  We affirm.

"When reviewing the denial of a defendant's motion to dismiss an indictment, we review the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Skinner*, 70 F.4th 219, 223 (4th Cir. 2023).  Pursuant to *Bruen*, in deciding whether a regulation is consistent with the Second Amendment, we first determine whether "the Second Amendment's plain text covers an individual's conduct."  597 U.S. at 24.  "If it does, then . . . we must ask whether the Government has justified the regulation as consistent with the principles that underpin our nation's historical tradition of firearm regulation." *United States v. Price*, 111 F.4th 392, 398 (4th Cir. 2024) (citation modified), *cert. denied*, 145 S. Ct. 1891 (2025).

2

We agree with the parties that Delauder's facial challenge to § 922(g)(9) is foreclosed by our decision in *United States v. Nutter*, 137 F.4th 224, 226, 229-33 (4th Cir.), *cert. denied*, 146 S. Ct. 270 (2025). There, we held that § 922(g)(9) remains facially constitutional following *Bruen* and saved "for another case the question of whether or when as-applied challenges to § 922(g)(9) can be made." *Id.* at 229; *see id.* at 230-33.

However, also as in *Nutter*, we further conclude that Delauder "has waived any as-applied challenge to his conviction" by failing to develop his argument on the issue in his opening brief. *Id.* at 228. Although Delauder repeatedly avers in his opening brief that he is raising both facial and as-applied challenges to his conviction, Delauder makes no mention of the specific facts of his case or why those facts support a finding that § 922(g)(9) is unconstitutional as applied to him. Furthermore, although the Government in its response discusses several specific facts of Delauder's case that it argues removes Delauder from Second Amendment protection, Delauder fails to respond to these arguments or point to other facts that would support a contrary conclusion. Accordingly, as in *Nutter*, Delauder has failed to preserve his as-applied challenge to his conviction.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3